[Crim. No. 1858. Second Appellate District, Division One.—January 17, 1930.]

THE PEOPLE, Respondent, v. ALICE BRAHM, Appellant.

Arthur Brigham Rose for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

YORK, J.—The defendant and appellant was charged by information filed by the district attorney of Los Angeles County with the crime of arson. She pleaded guilty to the charge and at her request was granted leave to make application for probation. After several continuances had been had of the hearing on the matter of probation, an order was finally made by which probation was denied and judgment was pronounced against her. Thereafter, the defendant moved the trial court for leave to withdraw her plea of "guilty" and substitute therefor a plea of "not guilty" and at the same time moved the court to vacate the judgment. An order was made denying both of these motions and an appeal was prosecuted in which the appellate court upheld the action of the trial court. (*People* v. *Brahm*, 98 Cal. App. 733 [277 Pac. 896].) Subsequently, to wit: June 13, 1929, request was made upon the presiding judge of the Superior Court for further stay of proceedings and leave to present facts and evidence in support of a motion "*de novo*" for leave to withdraw the plea of guilty and to vacate the judgment. Said motion was argued; denied by the court, and this appeal is taken from the order denying said motion. A stay of execution was granted pending determination of this appeal.

Appellant in her brief maintains that the trial court refused to entertain the motion for the reason that the matter was *res adjudicata* by virtue of the decision upon appeal from the order denying the first motion. An examination of the record discloses the fact that the trial court heard the motion upon its merits, but stated in denying it that no new matter had been presented which would justify a withdrawal of appellant's plea of guilty.

After a denial of such motion, "while leave to renew will rarely be granted unless it appears that a new state of facts has arisen since the former hearing . . . leave may, in the discretion of the court, be granted upon the same facts more fully stated." (18 Cal. Jur., p. 660.) While appellant denominated the proceeding a motion "*de novo*," it was in effect a renewal of motion, and discretion rested with the court to decide whether or not it would permit such renewal.

In support of the second motion, no new facts were presented other than two affidavits of officers of the Culver City police department to the effect that on the night of the alleged fire appellant was in a daze and appeared to be out of her mind. We are of the opinion that there was no abuse of discretion on the part of the trial court in denying the motion here involved.

The order denying motion to vacate the judgment and withdraw plea of guilty is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.

All the Justices present concurred.