[Crim. No. 5215.   Second Dist., Div. Three.   Nov. 12, 1954.]

THE PEOPLE, Respondent, v. GILBERT C. CABRAL, Appellant.

Gilbert C. Cabral, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, Roy A. Gustafson, District Attorney (Ventura), and Albert J. Holzhauer, Deputy District Attorney, for Respondent.

VALLÉE, J.—Defendant and one Singh were charged in an information with: Count I, offering to sell heroin; Count II, conspiring to obtain money by falsely promising to sell heroin; Count III, conspiring to cheat and defraud by means which were in themselves criminal. Defendant pleaded not guilty and the cause went to trial before a jury. After defendant had testified, and apparently after nearly all of the evidence was in, defendant requested and received permission of the court to withdraw his plea of not guilty to Count III. He was represented by counsel. He then regularly entered his plea of guilty to Count III. Counts I and II were dismissed and the jury was discharged. Defendant waived his right to apply for probation or presentence report and requested that judgment be pronounced immediately. He was then sentenced to state prison. Appearing in propria persona, he appeals from the judgment. He also appeals from an order denying a motion for a new trial. The record does not disclose that a motion for a new trial was made; hence the appeal from the nonexistent order will be dismissed.

Defendant's contentions relate, in most part, to questions of fact. He argues the weight and effect of the evidence which was introduced before he withdrew his plea of not guilty. With these matters we have no concern. They became nonexistent on his plea of guilty. ■ A plea of guilty is an admission of every element of the offense to which the plea is entered and constitutes a conclusive admission of the defendant's guilt thereof. (*People v. Cooper*, 123 Cal.App.2d 353, 356 [266 P.2d 566].)

■ Defendant contends that his plea of guilty was entered

"through coercion, fear, intimidation, and false promise," and that he pleaded guilty on the advice of his counsel who represented that defendant was pleading guilty to petty theft. There is no claim that the district attorney or the court or any responsible officer of the state either directly or indirectly participated in the alleged misrepresentation. This fact alone compels the conclusion that the plea of guilty was freely and voluntarily entered. (*People* v. *Smith,* 120 Cal.App.2d 531, 534-535 [261 P.2d 306].)

The record completely negatives defendant's contention. After defendant rested his case the following took place: "MR. BEACH [attorney for defendant] : If it please the Court, your Honor at this time the defendant wishes to make a plea before the Court, Mr. Cabral. We would like to make a motion to plead to Count III of the amended information, your Honor. MR. HOLZHAUER [deputy district attorney] : I take it that you wish to move the Court to withdraw the plea of not guilty as heretofore given? MR. BEACH: That is correct. THE COURT: Mr. Cabral, you have heard the statement of your counsel. Is that substantially correct? DEFENDANT CABRAL: Yes, I have heard it. THE COURT: Well, I want to know now, is it substantially correct? DEFENDANT CABRAL: Yes. THE COURT: You do now desire to withdraw your plea of not guilty as heretofore entered to Count III of this first amended information? DEFENDANT CABRAL: That is right. THE COURT: All right, the Court will permit you to withdraw your plea of not guilty heretofore entered, and I take it that you are ready to plead on it at this time. I take it that you have heretofore been advised of your rights, that of having an attorney, reasonable continuance, bail, public trial, public hearing. Mr. Beach is here in court, representing you, and I take it that at this time you are ready to plead to Count III of the first amended information. To Count III of the information, a copy of which has been handed to you and the reading of which was waived by you and your attorney, how do you plead, guilty or not guilty? DEFENDANT CABRAL: Guilty. THE COURT: I presume that the District Attorney wishes the other two counts to go off calendar to be reinstated at some future time? MR. HOLZHAUER: That is correct."

After the jury was discharged, on motion of the district attorney, Counts I and II were dismissed. The following proceedings were then had: "THE COURT: . . . Now, then, comes the question of setting time for the pronouncement of judgment, whether or not there shall be a presentence report

or whether or not there shall be an application for probation. I doubt if either of the defendants is interested in an application for probation but I should like them to state what their wishes are. MR. RUFFNER [attorney for defendant Singh]: At this time I believe that both I and Mr. Beach and our respective clients wish to apply for immediate sentencing and I so request that for Roy Singh and waive a presentence report and stipulate that it can be prepared later, waive all time for sentencing and other formality. THE COURT: The same thing for Gilbert Cabral? MR. BEACH: The same motion is made on behalf of Gilbert Cabral. MR. HOLZHAUER: Your Honor, there is some question in my mind as to whether or not the provisions of the Penal Code might not require a probation report here. So I think that we should have an express waiver. MR. BEACH: We waive any request for a probation report or presentence report before sentencing. MR. RUFFNER: Well, the application for probation, the probation report is also specifically waived, your Honor. Is that correct, Mr. Singh? DEFENDANT SINGH: Yes. MR. RUFFNER: All matters which I have just stated? DEFENDANT SINGH: Yes. MR. BEACH: Is that correct, Mr. Cabral? DEFENDANT CABRAL: Yes. THE COURT: All right, I guess all there is now is to go ahead and sentence each defendant, isn't that correct? MR. HOLZHAUER: That is correct.'' Defendant stated his true name was Gilbert C. Cabral; he was arraigned for judgment and the following occurred: ''THE COURT: . . . Now, then, as I understand it, you waived and do waive any right to make any application for probation, to have any presentence report made prior to the pronouncement of judgment, and you have asked and do now ask that judgment be pronounced forthwith and any question of time is waived by you, is that correct, Mr. Cabral? DEFENDANT CABRAL: Yes. THE COURT: All right, it is the order and judgment of the Court that you be confined in the State Prison of the State of California for the time prescribed by law for the offenses set forth and contained in Count III of the first amended information. The Court further finds that you were on or about the 13th day of March 1952 convicted of the crime of violating Section 543 of the Penal Code, a felony, in this Superior Court and that you served a term therefore in the penal institution. It is further—MR. BEACH: Your Honor, at this point I would like to make a request on behalf of the defendant, Mr. Cabral, that the Court might consider the possibility of having the sentence herein imposed,

run concurrently with any sentence that he may have or any unexpired term of a sentence, for the violation of parole. . . . The Court: No, I was just about to order, as a matter of fact, and it is the order, that any imprisonment herein ordered for and on account of the offenses set forth and contained in Count III hereof is to run not concurrently with any term heretofore imposed upon this defendant. As I view it and as I see it, Mr. Cabral is extremely fortunate that the District Attorney was of the mind to agree to permit him to plead guilty to Count III, because there isn't the slightest question of doubt in my mind but that the jury would very promptly have found him guilty of Counts I and II and, under the circumstances, it looks to me like Mr. Cabral is very, very, very fortunate and it wouldn't happen once in ten thousand times that after the District Attorney started to prosecute, would he ever agree to, in the language of the street, give the defendants the break that he did give them in this instance, because they might very well—in fact, I have no doubt but that that jury would have found him guilty on all counts. Defendant Cabral: Your Honor, the way you talked, I figured that the minute we hit this courtroom, we were already guilty in your mind. The Court: I didn't have anything to say about it, Mr. Cabral, not a thing. It is up to the jury. Defendant Cabral: This is the first time that I have been faced before a court like this, and, the way I looked at it, I was guilty before I even sat there. That is the reason I pleaded guilty. The Court: Well, it wasn't up to me to determine whether you were guilty or not. It was up to that jury. I have nothing whatsoever to say about it and if the jury found you not guilty, there wasn't one thing in the world I could do about it, nothing. Now, so that we got this matter clear and straight, I don't want to have a situation hanging suspended here that this defendant plead guilty because of anything that I said or did and, if he is so minded, so far as I am concerned, I would be very happy to vacate the whole order, if I can, and we can start all over again and just see what a jury does with it. Mr. Beach: So far as I am concerned, your Honor, the matter is closed. If the defendant wishes to open up the case, I suppose this would be the time and place for him to state it. The Court: How about it, Mr. Cabral? Do you want to do that? Defendant Cabral: I have already pleaded guilty, your Honor. The Court: Well, I have just indicated that if you feel—— Defendant Cabral: I heard what you said. I pleaded guilty. The Court: If there is

anything that I have done or said, I would be tickled to death to vacate the order, if it is possible for me to vacate it, and you can have it heard in any other court. I don't like to hear these things—in fact—— DEFENDANT CABRAL: I explained to you the truth of what happened. I wasn't guilty. I wasn't even talking, so far as that is concerned. Nobody would believe me, anyway. Therefore, I just pleaded guilty and took my sentence. THE COURT: Well, you got a pretty good lawyer here and I think he is on the square and if he is of the opinion at all that you have not had justice and if it has not been fair and square, why he knows how to make the appropriate motion and I have already indicated what I will do with the motion. I have already indicated that I will grant it, if you want it heard. Of course, you will have to take the gamble of being convicted on all three counts next time. DEFENDANT CABRAL: It wasn't a gamble, your Honor. I just felt that I didn't stand a chance, that is all. THE COURT: Well, it is kind of rough, Mr. Cabral. I can see where you may feel that you have a rough deal in this thing, but I also see where you ought by now to be thoroughly convinced that this business of being associated with the narcotics traffic is not good and, whenever you get mixed in it, you are a fit and proper subject to be convicted. There isn't any doubt about it. And I hope that when you are released that next time, that you won't even get started in any respect. I am very frank to say this to you, Mr. Cabral, that I don't believe that this idea originated with you. I think that it originated with your co-defendant. I think that Mr. Singh was the fellow that got you into this thing. That is what I think about it and I think that if Singh hadn't gotten into touch with you, that you wouldn't be here now, to be absolutely honest with you. I think you got roped into it by your friend. But I can't help that, you see. I didn't have anything to do with it. DEFENDANT CABRAL: Thank you.''

Further, we have examined the evidence introduced before the jury was discharged and are satisfied that defendant was correctly advised. The record also shows that defendant was ably and well represented by counsel.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.