[Crim. No. 5162. Second Dist., Div. One. Aug. 31, 1955.]

THE PEOPLE, Respondent, v. CHARLES H. CAHAN, Appellant.

\*Assigned by Chairman of Judicial Council.

Albert Jack Chotiner and Russell E. Parsons for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

THE COURT.—This is a petition in the nature of a writ of *coram nobis.* Appellant seeks to set aside a judgment rendered against him on December 10, 1953, in the Superior Court of Los Angeles County, and which judgment was affirmed on appeal by this court on July 29, 1954 (*People* v. *Cahan,* 126 Cal.App.2d 785 [273 P.2d 64]). A petition for hearing in the Supreme Court was denied on August 26, 1954.

As grounds for his petition to set aside the judgment, appellant asserts, (1) that he was not guilty of the offenses of which he was convicted, i. e., bookmaking and occupying a room with paraphernalia for the purpose of recording bets; and (2) evidence obtained by an unlawful search and seizure was admitted into evidence against him and therefore the judgment is void.

A motion to vacate a judgment does not lie to correct errors of law or to redress any irregularity that could have been corrected on a motion for a new trial or by an appeal (*People* v. *Cook,* 97 Cal.App.2d 284, 285 [217 P.2d 498]). The writ of *coram nobis* lies to correct an error of fact as distinguished from an error of law, when no statutory remedy exists or when the statutory remedy is not adequate (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325] ; *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].)

In the instant proceeding, as pointed out by respondent, ''The error which the petitioner here seeks to raise is clearly no more than a claimed error in the admission of evidence. He asserts that the judgment was obtained through the admission of evidence secured by unlawful and unreasonable search and seizure, in violation of the Fourth Amendment

to the United States Constitution and Article I, Section 19 of the California Constitution, and it is therefore void. In support of this contention he cites the recent case of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], which overruled prior decisions in California and held that evidence secured by unconstitutional search and seizure was inadmissible.''

As stated in the case of *People* v. *Cahan, supra,* pp. 434, 442, relied upon by appellant, the rule announced therein excluding evidence secured by unconstitutional search and seizure is a ''judicially declared rule of evidence,'' and no more.

Manifestly, the failure of the court in the trial of the case here under consideration, which resulted in appellant's conviction, to apply such rule amounted to no more than an error of law committed by admitting inadmissible evidence. Such error could have been raised by motion for a new trial or on appeal. Therefore, it cannot now be reviewed on a petition to vacate the judgment or for a writ of *coram nobis.*

The petition is denied.