[Crim. No. 3283.   First Dist., Div. One.   May 6, 1957.]

THE PEOPLE, Respondent, v. HARRY DWIGHT SMITH, Appellant.

Harry Dwight Smith, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

PETERS, P. J.—In 1944, defendant, then represented by counsel, pleaded guilty to burglary, and the offense was found to be of the first degree. No appeal was taken. In May of 1951 a petition for a writ of error *coram nobis* was filed by defendant in the superior court and denied. This denial was affirmed on appeal. (*People* v. *Smith,* 108 Cal.App.2d 696 [239 P.2d 466].) In June of 1956 the present petition for a writ of error *coram nobis* was filed. It, too, was denied. Defendant appeals.

In these proceedings, for a variety of reasons, it has been the contention of defendant that he did not commit the burglary to which he pleaded guilty. In the first *coram nobis* proceeding he averred that the stolen property was placed in his room without his consent and that his guilty plea was induced by threats of the police. In the present petition it is averred that the guilty plea was induced by the threats of an accomplice. In his briefs on the present appeal these contentions are abandoned, and it is claimed, for the first time, that, while he hid the stolen property in his room where it was discovered, he, in fact, had permission to enter the apartment which was allegedly burglarized.

The appeal is without merit. The claimed facts that appellant wishes to show were obviously at all times known to him. ■ Points that could have been raised in the trial court or on an appeal cannot be later considered on a writ of error *coram nobis.* (*People* v. *Smith,* 108 Cal.App.2d 696, at p. 699 [239 P.2d 466], and cases cited.) ■ It is incumbent upon the petitioner in such a proceeding to plead and prove that the facts upon which he now relies were not known to him and could not, with due diligence, have been discovered prior to filing the petition. ■ There is no showing that these facts were not known to him at the time of trial or that they could not, with due diligence, have been discovered long prior

to the filing of the petition. No explanation of the more than 12-year delay is given. On the prior appeal a 7-year unexplained delay was held to be fatal. It is certainly fatal now.

It should also be mentioned that the alleged ''fact'' now sought to be proved—that entry made with the possessor's knowledge is not burglary—is in truth a rule of law. The writ of error *coram nobis* does not lie to correct errors of law. (*People* v. *Lumbley,* 8 Cal.2d 752 [68 P.2d 354] ; *People* v. *Hayman,* 145 Cal.App.2d 620 [302 P.2d 810] ; *People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375] ; *People* v. *Darcy,* 79 Cal.App.2d 683 [180 P.2d 752].)

It should also be mentioned that the sole point now relied upon—that he had permission to enter the burglarized apartment—was not set forth in his petition for the writ, nor otherwise presented to the trial court. Such a change in theory on appeal is not permitted. (*Ernst* v. *Searle,* 218 Cal. 233 [22 P.2d 715].)

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.