[Crim. No. 1100.   Fourth Dist.   May 21, 1957.]

THE PEOPLE, Respondent, v. NOLAN KELLER, Appellant.

William O. Hogan, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant, on October 18, 1955, was charged in an information, in one count, with the crime of burglary, and in a second count with robbery. It was likewise charged therein that he had suffered four prior convictions, to wit, on January 18, 1946, the crime of robbery, second degree; in July, 1946, assault with a deadly weapon; on February 27, 1950, burglary, second degree; and on February 27, 1950, grand theft. It is also alleged as to each such prior felony conviction that appellant served a term of imprisonment therefor in the state prison at San Quentin. Defendant was represented by his own counsel, a lawyer having many

years of the actual practice of criminal law, and entered a plea of not guilty to the charges. In person, and through his counsel he admitted the four prior convictions as thus charged.

A jury trial resulted in a verdict of guilty on both counts. He was, on November 15, 1955, sentenced to state's prison, sentences to run consecutively on each count, and consecutively as to any incompleted sentence. He was also adjudged to be an habitual criminal under section 644, subdivision (b) of the Penal Code. No motion for new trial was made, and no appeal was taken from the judgment.

On October 2, 1956, nearly one year later, defendant filed in the superior court, a "Petition for Writ of Error Coram Nobis, and Motion to Annul, Vacate and Set Aside the Judgment" alleging the trial judge lacked jurisdiction to adjudge him an habitual criminal by accepting a plea to his previous felony convictions without proving that he had served prior terms upon separate sentences in a state's prison, and upon charges separately brought and tried. It is further claimed he was denied effective and competent aid of counsel in that he was "ill advised to admit his prior convictions," as alleged in the information.

On this appeal from the order denying the writ, this court appointed other counsel to represent the defendant. His only argument is that on the face of the record it appears that defendant was wrongfully adjudicated an habitual criminal under section 644, subdivision (b) of the Penal Code. He claims the allegations in the information are insufficient as to the first prior charge of robbery because defendant was, in that case, first sentenced to the California Youth Authority in September, 1945, and on January 18, 1946, was found to be incorrigible and transferred to San Quentin State Prison without first being returned to the court for this transfer, as provided by section 747 of the Welfare and Institutions Code; that a commitment to a Youth Authority does not constitute a prior conviction under Penal Code, section 644, citing *People* v. *Lockwood,* 146 Cal.App.2d 189 [303 P.2d 621]; 17 Opinions Attorney General, 34, cited under West's Annotated Welfare and Institutions Code, section 1772.

Defendant, in his petition, also contends that as to the third and fourth prior convictions charged, it appears that these judgments were alleged to have been pronounced on the same day; that in fact he was charged in the same information with the two offenses arising out of the same transaction; that he did not serve separate terms for such offenses; and that ac-

cordingly he should not be declared an habitual criminal by reason of these two prior convictions.

It is further argued that as to the first and second prior convictions alleged, he did not serve separate terms on these charges, having been convicted on the second prior charge (assault with a deadly weapon) while being confined in the state's prison; that this second sentence was to run consecutively with the unexpired term determined in the first prior conviction charged; that since he was paroled in April, 1949, he did not, in fact, serve a *separate sentence* under the assault with a deadly weapon charge; that the information only charged that he had been previously convicted of the felonies named, and that he served a term in the state's prison, but did not allege that he had been previously convicted *upon charges separately brought and tried,* and that he *served separate terms* therefor in a state's prison as required by section 644, subdivision (b) of the Penal Code (see also *People* v. *Dunlop,* 102 Cal.App.2d 314, at 317 [227 P.2d 281]) giving the court jurisdiction to adjudge him an habitual criminal; that therefore an admission of the charges alleged did not constitute an admission of these facts; and that accordingly a hearing should be had in respect to the facts claimed.

Assuming the allegations contained in the petition to be true, there is some merit to defendant's argument. (*People* v. *Figuieredo,* 146 Cal.App.2d 807 [304 P.2d 161]; *People* v. *Sukovitzen,* 138 Cal.App.2d 159 [291 P.2d 107]; *In re Mc-Vickers,* 29 Cal.2d 264, 270 [176 P.2d 40]; *People* v. *Morton,* 41 Cal.2d 536, 539 [261 P.2d 523]; *People* v. *Dunlop, supra.*)

However, the cases relied upon by him were appeals from judgments or orders denying new trials, or were based upon an order rendered in a habeas corpus proceeding. He did not appeal from the judgment. No cases are cited directly holding that the questions here presented could be properly determined in a *coram nobis* proceeding. In fact, the authorities in this state are to the contrary.

In the late case of *People* v. *Carroll,* 149 Cal.App.2d 638 [309 P.2d 128], decided April 1, 1957, it was said that "if the judgment that appellant Carroll was an habitual criminal was not supported by the evidence, the fact was known to him at the time such judgment was entered and could have been corrected on appeal or by a motion for a new trial"; and that this question cannot be reviewed on its merits in a *coram nobis* proceeding. It was further held that such questions are of issuable fact and mixed law and fact which were

developed before the trial court at the time the judgment was pronounced and could have been raised on an appeal from the judgment. (See also *People* v. *Tuthill,* 32 Cal.2d 819, 821 [198 P.2d 505] ; *People* v. *Gennaitte,* 127 Cal.App.2d 544, 548 [274 P.2d 169] ; *People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13] ; *People* v. *McVicker,* 37 Cal.App.2d 470 [99 P.2d 1110] ; *People* v. *Moore,* 9 Cal.App.2d 251, 253 [49 P.2d 615] ; and *People* v. *Whitton,* 112 Cal.App.2d 328, 332 [246 P.2d 60].)

This same holding has prevailed where a defendant claims denial of effective aid of counsel. (*People* v. *O'Connor,* 114 Cal.App.2d 723, 726 [251 P.2d 64] ; *People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635] ; *People* v. *James,* 99 Cal. App.2d 476 [222 P.2d 117].)

Questions of a limited nature pertaining to habitual criminal determinations have been allowed to be reviewed in a habeas corpus proceeding.

In *In re McVickers, supra,* at page 270, it was stated:

"The courts of this state have uniformly permitted more extensive use of the writ of habeas corpus to review adjudications of habitual criminality than would be possible under the laws of other states; that it was satisfied that the writ can consistently be made available to a prisoner who has been adjudged an habitual criminal although in truth and fact he is not, without so enlarging its scope as to make it in effect a writ of error to review the correctness of a conviction."

It quoted from *People* v. *McVicker,* 37 Cal.App.2d 470, at page 475 [99 P.2d 1110], and said: " 'If the said two "priors" were improperly invoked . . . then upon the arrival of the time when appellant (Petitioner McVickers) would be entitled to release from confinement for the primary offenses, the legality of his continued or prior convictions can be tested on *habeas corpus.*' " (See also *People* v. *Morton, supra,* p. 544.)

Order denying writ affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied June 10, 1957.