312 P.2d 81]

[Crim. No. 1154. Fourth Dist. June 19, 1957.]

THE PEOPLE, Respondent, v. PARSEGH JOHN PARSEGHIAN, Appellant.

(1)

Lionel Richman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 11500 of the Health and Safety Code (possession of a narcotic, marijuana) and with three prior convictions. Counsel was appointed by the court and the defendant entered a plea of not guilty and stood mute as to the allegations of the prior convictions, whereupon the court ordered a denial entered as to such allegations. Thereafter, by leave of court, the defendant personally and through his counsel withdrew his plea of not guilty, entered a plea of guilty and admitted the prior convictions as alleged in the information. The defendant then applied for probation and the court appointed a psychiatrist to examine the defendant as to his present sanity, and set that matter and the time for pronouncement of judgment for November 10, 1955. On that day a report was filed by the court-appointed psychiatrist reporting his finding that the defendant was sane and capable of cooperating with his attorney in the preparation of his defense. The application for probation was denied and the defendant was sentenced to prison for the term prescribed by law. No appeal was taken from that judgment.

On September 28, 1956, the defendant filed a "motion to set aside judgment and withdraw plea" based on the sole ground that the plea of guilty entered by him "was obtained from him by false promises, duress and extrinsic fraud, because the evidence was obtained by an unlawful search and seizure and was inadmissible evidence," citing *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905]. This was accompanied by an argument to the effect that when he was apprehended his automobile was unlawfully searched when the arresting officers had no warrant and no reason to believe that he was committing a felony or an offense in their presence; that the evidence obtained in this unlawful search and seizure was inadmissible; and that his court-appointed attorney failed to employ his knowledge of the technicalities of the law in his behalf. A different attorney was appointed by the court to represent the defendant on this motion. The motion was heard on November 5, 1956, and submitted upon the file and record before the court. The court denied the motion and the defendant, in propria persona, appealed from that order.

At the request of appellant for the appointment of counsel this court appointed a third attorney to represent him on this appeal. This attorney has filed a report in which he states that he personally interviewed the appellant; that he has reviewed the testimony contained in the transcript of the preliminary examination, from which it appears that the appellant was under the influence of marijuana when he was arrested and that he assisted the officer in opening a box in the glove compartment of his car, which contained more marijuana; and that he is unable to find any meritorious ground of appeal.

After examining the record, we are in accord with this conclusion. There is no merit in the contention that any evidence was inadmissible because it was obtained by an illegal search and seizure. The appellant pleaded guilty and no evidence of any kind was admitted in connection with the commission of the crime charged. Moreover, the motion to vacate the judgment is in the nature of a writ of error *coram nobis*. (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657].) The fact that evidence was improperly admitted, if such were the case, would be merely an error of law which could not be reviewed on a petition to vacate the judgment or for a writ of *coram nobis*. (*People* v. *Cahan*, 135 Cal.App.2d 287 [287 P.2d 6] ; *People* v. *Gamboa*, 144 Cal.App.2d 588 [301 P.2d 390].)

Some contention was made that the appellant was induced to plead guilty by false promises made to him. No allegation was made as to what these supposed promises were, but the record indicates that this refers to his claim that his counsel failed to effectively represent him. There is no allegation of any fact showing or tending to show any action by the district attorney or any other official which had anything to do with inducing him to change his plea. It is well settled that the claim that a defendant was induced to enter a plea of guilty by promises made by his counsel without the concurrence of responsible officials, does not constitute a valid ground for relief in a *coram nobis* proceeding. (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657] ; *People* v. *Adamson*, 33 Cal.2d 286 [201 P.2d 537] ; *In re Hough*, 24 Cal.2d 522 [150 P.2d 448].) Also, that a claim that a defendant was denied effective aid of counsel may not be asserted in such a proceeding as this. (*People* v. *James*, 99 Cal.App.2d 476 [222 P.2d 117] ; *People* v. *Krout*, 90 Cal.App.2d 205 [202 P.2d 635].) No valid ground for relief having been presented the court properly denied the application here in question.

We have preferred to decide this case on its merits, although counsel for the appellant states that when he interviewed the appellant the appellant said he did not desire to have the appeal "prosecuted further," because he expected to be paroled in November.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.