[Crim. No. 5872.   Second Dist., Div. One.   Aug. 2, 1957.]

THE PEOPLE, Respondent, v. HOMER E. REEG, Appellant.

Homer Reeg, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

DORAN, J.—As recited in respondent's brief, ''This matter purports to be an appeal from an order of the Superior Court of the State of California, in and for the County of Los

Angeles, denying the appellant's motion to vacate and set aside the judgment (in the nature of a petition for writ of error *coram nobis*).

"In an information filed by the District Attorney of Los Angeles County, appellant was charged in two counts with crimes of forgery and in a third count with the crime of grand theft. The information also charged appellant with having been convicted of the crimes of grand theft and burglary, felonies, for which he served terms of imprisonment in the state prison.

"Upon arraignment, appellant moved to set aside the information. After a hearing, the motion was denied and appellant entered his plea of 'Not Guilty.' and denied the prior convictions alleged.

"Before the matter came to trial another information was filed by the District Attorney for the County of Los Angeles, charging appellant with violation of Vehicle Code Section 239.

"Appellant moved to set aside that information but his motion was denied and a plea of 'Not Guilty' was entered.

"Subsequently, on motion of the People, both informations were consolidated, the charge of violation of Vehicle Code Section 239 being designated Count IV. Appellant's motion to dismiss Count IV on the ground of lack of jurisdiction, was denied.

"After trial by jury appellant was found guilty on each of the four counts. Appellant's motion for new trial was set for hearing and a probation report was ordered.

"Appellant's motion for new trial and to strike the Probation Officer's report was denied. Probation was denied and on December 9, 1955, appellant was sentenced to imprisonment in the state prison for the term prescribed by law on each count, the sentences as to Counts I, II and III to run concurrently with each other and the sentence as to Count IV to run consecutively to that imposed on Counts I, II and III.

"On November 5, 1956, appellant filed his 'MOTION OF DEFENDANT TO VACATE AND SET ASIDE THE JUDGMENT OF CONVICTION.'

"The appellant stated the following grounds for his motion to vacate:

" 'I The defendant was denied due process of law contrary to Art. I, section 3, and 13 of the California Constitution and the Fourteenth Amendment of the United States Constitution.

" 'II   That the conviction was against the law and evidence and that the verdict was against the law and evidence.

" 'III   That the evidence as submitted was not sufficient to legally convict the defendant in that the corpus delicti of violation of section 470 P.C. and 487 P.C. was not established according to law.

" 'IV   That the defendant was denied a fair and speedy trial in violation of section 686 P.C. and 1382 P.C. and Art. I, section 13 of the California Constitution.

" 'V   That the District Attorney and Court committed pre*d*judicial error in the Trial.'

"On November 14, 1956, appellant's motion was denied by the court on the ground that the matters complained of should have been raised on motion for new trial or on appeal.

"This appeal is taken from the order of the court denying the motion to vacate and set aside the judgment of conviction.

"Cases hold the nonstatutory motion to set aside the judgment is the equivalent of a petition for writ of error *coram nobis* (*People* v. *Larsen,* 144 Cal.App.2d 504, 506 [301 P.2d 298]; *People* v. *McCoy,* 115 Cal.App.2d 565, 567 [252 P.2d 371]) and appellant so treats his motion in his opening brief on appeal."

■   As pointed out by respondent and supported by the record, "The petition does not allege specific facts relied upon but merely asserts conclusions." "Mere allegations of ultimate facts or conclusions are not sufficient."

"In the instant case the 'grounds' upon which appellant relies for relief are, essentially, insufficiency of the evidence to sustain the conviction, denial of a speedy trial, and prejudicial error of the District Attorney and the Court. It is manifest that if these errors did occur they would necessarily be known to appellant at the time of trial. ■   Yet his application for the writ was not filed until almost a year later, and it is devoid of any explanation for the delay.

"This failure to show the exercise of diligence in seeking the relief requested warranted and required that the petition be denied.

"*People* v. *Remling, supra,* 146 Cal.App.2d 476, 480 [304 P.2d 97]; *People* v. *Ryan,* 121 Cal.App.2d 651, 655 [263 P.2d 850]; *People* v. *Malone,* 96 Cal.App.2d 270, 272 [215 P.2d 109]; *People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635].

"In the Krout case, *supra,* the appellate court stated:

" 'Appellant's naive recital of what he did testify and of what he would testify upon a second trial concerning the events preceding and at the time of the trial discloses that he knew then everything that he knows now. . . . If his current statements were true, he could have prevented a judgment. (*People* v. *Mendez,* 28 Cal.2d 686, 688 [171 P.2d 425].) But his tactless delay for eight months, under the circumstances, forecloses him of all right to relief under his petition (for writ of error *coram nobis*). (Citing cases.)'

"Thus, the appellant's motion was properly denied because it stated only conclusions and not the facts relied upon; because it failed to state grounds within the scope of the writ sought; and because it failed to show diligence on the part of appellant in seeking the relief requested."

It is clearly evident that respondent's argument is supported by the record and the law. A review of the record reveals no prejudicial errors. The order is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1957.