[Crim. No. 1157. Fourth Dist. Aug. 20, 1957.]

THE PEOPLE, Respondent, v. RICHARD R. CARDWELL, Appellant.

Richard R. Cardwell, in pro. per., and Norman P. Courtney, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged in each of eight counts with the crime of selling a narcotic in violation of section 11500 of the Health and Safety Code. He pleaded

not guilty, and a jury found him guilty as charged in each of the eight counts. His motion for a new trial was denied and a judgment sentencing him to prison was entered on November 28, 1956. No appeal was taken from the judgment or the order denying a new trial.

On January 15, 1957, the defendant filed in the trial court a "Motion for the issuance of a writ of error coram nobis, and writ of error corum bogus," which was treated by the court as a petition for a writ of error *coram nobis*. In this document the defendant asserted that he had been denied his constitutional rights in that he was not represented at the trial by an attorney of his own choosing; that he was denied witnesses in his own behalf; that the trial court erred in refusing to allow one Frank Garcia to testify; and that he was denied the right to make a motion for a new trial. At the time set for hearing this application the court denied the petition. The defendant has appealed from that order.

An attorney appointed by this court to represent the defendant on this appeal has filed a report in lieu of a brief. This report has attached thereto an original letter written to this attorney by the appellant stating that the points he wishes to have raised on appeal are: that a police officer lied at the trial and if the appellant could have been confronted by a Mr. Wong, an "informant," the appellant "could have proved entrapment"; that another witness lied; that there were many inconsistencies in the testimony of "the State's star witness"; and that some of his witnesses were not subpoenaed. This report states that after a thorough review of the record counsel is of the opinion that no grounds exist for the reversal of the order appealed from. The attorney general has filed a memorandum reviewing the facts and the applicable law.

After the report in lieu of brief was filed the appellant personally filed a statement or brief setting forth his views as to the conduct of the trial, and arguing that the prosecution failed to produce a certain witness who would have supported his claim of "entrapment"; that the court refused, at the trial, to discharge his court-appointed attorney; and that this attorney did not conduct the trial in accordance with the appellant's wishes. In this connection it appears that three separate attorneys were appointed for the appellant in the trial court at different times, and two different attorneys have been appointed by this court on this appeal. None of these attorneys have been satisfactory to the appellant, and he later wrote a letter to this court stating that no attorney in San

Bernardino County would be fair to him, and requesting the appointment of an attorney from some other county.

It is obvious that all of the matters asserted in appellant's application to the trial court, and suggested on this appeal, are matters which could have been raised on a timely appeal from the judgment and are not matters coming within the limited scope of the writ of error *coram nobis.* (*People* v. *Tuthill,* 32 Cal.2d 819 [198 P.2d 505] ; *People* v. *Bible,* 135 Cal.App. 2d 65 [286 P.2d 524] ; *People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375] ; *People* v. *Parseghian,* 152 Cal.App.2d 1 [312 P.2d 81].) As to the contention that the appellant was denied the right to make a motion for a new trial, the record discloses that such a motion was made and denied and that no appeal was taken therefrom.

The order appealed from is affirmed.

Mussell, J., concurred.

A petition for a rehearing was denied September 17, 1957, and appellant's petition for a hearing by the Supreme Court was denied October 16, 1957.