[Crim. No. 5823. Second Dist., Div. Two. Oct. 11, 1957.]

THE PEOPLE, Respondent, v. GERALD LEE TUCKER, Appellant.

Walter L. Gordon, Jr., and James L. Garcia for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MOORE, P. J.—This appeal is from the order denying an "extra ordinary motion to annul, vacate, and set aside judgment, forthwith" on the ground that the trial court erred in summarily denying appellant's motion.

The grounds alleged in the motion were:

(1) "The verdict is coerced, unfounded on fact, contrary to law and evidence";

(2) "Prejudicial misconduct of the Prosecuting Attorney during the proceedings of the improperly conducted trial";

(3) "Applicant was excluded from his federal statutory constitutional right to have a fair trial";

(4) "He was denied his right to have witnesses and evidence favorable to him, with many other combinations of chronic, compounded denials of due process of law, guaranteed to him under the Federal Constitution";

(5) "The Prosecution heaped upon him four different felony convictions that don't exist in law or fact against him";

(6) "Appellant in this case was forced to become a witness against himself which, as long as the Fifth Amendment to the Constitution stands, states that no defendant in criminal prosecution is compelled to become a witness against himself, as has been done in this case against him."

Appellant averred no proof of his claims. Not one of his charges comes within the scope of an application for writ of error *coram nobis*. █ A *coram nobis* motion is to bring to the attention of the trial court errors of fact which, without negligence on the part of the defendant, were not presented to the court at the trial. The motion was never intended as a device to correct an error of law or to repair an irregularity occurring at the trial which could be corrected on motion for a new trial or by an appeal. (*People* v. *Gennaitte,* 127 Cal. App.2d 544, 548 [274 P.2d 169] ; *People* v. *Martinez,* 88 Cal. App.2d 767, 771 [199 P.2d 375].) The trial court correctly held that the alleged grounds for the motion could have been alleged in a motion for a new trial or in a brief on appeal.

Appellant was by information accused of four felonies: burglary, robbery, kidnapping (Pen. Code, § 209a, victim subjected to bodily harm) and rape by force and violence. It was alleged that in the commission of the latter three crimes, appellant was armed with a deadly weapon, a .38 caliber revolver. He pleaded not guilty, was defended by the public defender and was convicted on all four counts. His burglary

was found to have been of the first degree and his kidnapping resulted in bodily harm to the victim. He was sentenced to imprisonment for the term prescribed by law.

In a proceeding for writ of error *coram nobis* there persists a strong presumption of the validity of the judgment under attack. The burden is on the applicant and exacts "strong and convincing proof." (*People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330].) In his motion, appellant alleged no ground for the issuance of a writ of error *coram nobis,* the judgment was not seriously attacked, and he alleged no extrinsic fraud. (See *People* v. *Ward,* 96 Cal.App.2d 629, 632 [216 P.2d 114].) Even had the allegations been recognized as grounds for granting such motion, it would have been improper to consider such allegation not under oath. To prevail in such proceeding, a defendant must establish by credible, clear and convincing evidence that he has been deprived of substantial legal rights by extrinsic causes. (*People* v. *Devora,* 105 Cal.App.2d 457, 459 [233 P.2d 653]; *People* v. *Bible,* 135 Cal.App.2d 65, 67 [286 P.2d 524].) There is not even a suggestion that by any thing or all he said did appellant prove that he was deprived of any right. (See *People* v. *Shorts, supra.*) But even where the proof is fairly well balanced and the pleadings are in order, the decision of the trial judge will not be reversed in the absence of an abuse of discretion. (*People* v. *Bible, supra; People* v. *Devora, supra.*) No such abuse appears. In rare instances only will appellate courts reverse on the ground of such abuse. (*People* v. *Thompson,* 94 Cal.App.2d 578, 585 [211 P.2d 1].)

Not only is a trial judge not obliged to accept the uncontradicted affidavits of the applicant (*People* v. *Kirk,* 98 Cal.App.2d 687, 692 [220 P.2d 976]; but in the case at bar he presented no proof at all of his charges. In such event, the trial judge was authorized to accord such hearing as it deemed commensurate with the "motion."

Another vice of the motion that might have stopped appellant on the threshold is his failure to explain his delay of 11 months in presenting his motion. No attempt to explain his delay appears except that he was "rushed off to Chino State Prison, arrived therein on November 9, 1955, and subsequently rushed off to San Quentin, still dumb-founded, amazed in wonder, until he found the newly discovered evidence, which he now prays to be allowed to present in a new trial." Such failure alone would require a denial of the motion. (*People* v. *Collins,* 97 Cal.App.2d 552, 556 [218 P.2d

87].) In *People* v. *Krout*, 90 Cal.App.2d 205, 209 [202 P.2d 635], a delay of eight months foreclosed the defendant of his right to relief. In the absence of explanation for any delay, the defendant is entitled to no relief. (*People* v. *Baker*, 92 Cal.App.2d 623, 626 [207 P.2d 58].)

 Where a person convicted of a felony fails to move for a new trial or to appeal, he is not entitled to a writ of error *coram nobis*. (*People* v. *Gennaitte, supra*.)

 Also, the contention that an excessive sentence was imposed upon him may not be here reviewed. The writ of error *coram nobis* is not available as an alternative "for an inquiry into an asserted imposition of excessive sentence." (*In re Seeley*, 29 Cal.2d 294, 298 [176 P.2d 24]; *People* v. *McVicker*, 37 Cal.App.2d 470, 474 [99 P.2d 1110].)

 Appellant asserts that he was "totally, mentally absent" when he was "illegally" convicted November 8, 1955, and was utterly ignorant of his rights. He contends therefore that "this extra ordinary motion" should be granted. An allegation that he was insane at the time of trial might have effected the issuance of the writ of error *coram nobis* in ancient times. But in the modern state, other remedies are provided, such as motion for new trial, and right of appeal. The use of these remedies "materially abridge the office and functions of the old writ." The new remedies "afford opportunity to present for review questions of fact . . . as well as questions of law." Therefore, appellant is without right to the writ. (*People* v. *Superior Court*, 4 Cal.2d 136, 149 [47 P.2d 724]; *People* v. *Reid*, 195 Cal. 249, 255 [232 P. 457, 36 A.L.R. 1435].) The writ of error *coram nobis* is used only to obtain relief from errors of fact, such as a valid defense existing in the facts of the case which, without defendant's negligence, was not made through duress or fraud or excusable mistake. (*People* v. *Tuthill*, 32 Cal.2d 819, 821 [198 P.2d 505].)

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.