[Crim. No. 1165.   Fourth Dist.   Nov. 8, 1957.]

THE PEOPLE, Respondent, v. BILLIE JONES, Appellant.

Billie Jones, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant and one Richard R. Cardwell were jointly charged with violations of the Health and Safety Code. Jones was charged in two separate counts with selling a narcotic, and with a prior conviction of possession of narcotics. He pleaded not guilty and admitted the prior conviction. A jury found him guilty as charged, his

motion for a new trial was denied, and judgment was pronounced sentencing him to prison on November 21, 1956. No appeal was taken from the judgment or from the order denying his motion for a new trial.

On January 15, 1957, Jones filed in the superior court a document in which he stated that he moved the court to vacate and set aside ''that certain Judgment, and grant motion for the issuance of the writ of corum nobis, error corum bogus.'' In this document he asserted that he was denied his constitutional rights in that he was not represented by an attorney of his own choosing; that the failure of the court to dismiss his last court-appointed attorney at the trial of the action was a violation of his rights; that his ''legal right of having my witnesses according to law, was denied me by my lawyer''; and that he was denied the right to make a motion for a new trial. At the time set for the hearing of this application the court denied the petition and the defendant has appealed from that order.

The appellant and the said Cardwell were tried at the same time, although judgment as to each of them was rendered on a different date. Cardwell also applied for a writ of error *coram nobis* in the superior court and he appealed from the order denying the same. (*People* v. *Cardwell*, 153 Cal. App.2d 377 [314 P.2d 484].) Most of the points raised in the application here involved, and on this appeal, were raised on that appeal and for obvious reasons were not sustained. Those matters could have been raised on a timely appeal from the judgment, or in connection with the motion for new trial, and are not matters coming within the limited scope of the writ of error *coram nobis*. The further contention that the appellant was denied the right to make a motion for a new trial is not sustained by the record which shows that such a motion was made and denied.

It also appears in this case that the appellant had three separate attorneys at different times in the trial court, two of them being appointed by the court, and that the appellant later moved the court for leave to dismiss the third attorney saying he thought he could present a better defense for himself, which motion was denied. At appellant's request this court appointed an attorney for him on this appeal. Because of appellant's dissatisfaction with the attorneys who had represented him at the trial a different attorney was appointed. This attorney had previously represented Cardwell at the trial of the action and was familiar with the facts.

Subsequently that attorney asked permission to file a report in lieu of a brief and the request was granted. Thereafter, the appellant notified this attorney that he did not want him to file a brief, (indicating that no attorney in San Bernardino County was satisfactory to him) and informed this court that he did not want such a report filed. The appellant then filed a brief in propria persona, a brief for the respondent was filed, and the appellant then filed a closing brief.

In his briefs the appellant makes the further contention that his application to the Superior Court was mistakenly treated as a petition for writ of error *coram nobis*; that it was actually a motion to vacate the judgment; that this is an appeal from the order denying that motion; that under rule 3(b) of the Rules on Appeal he had at least 60 days to appeal from the original judgment; that rule 3(b) is made applicable to criminal cases by rule 30; that rule 31 allows him 10 days after the order denying the motion to vacate in which to take an appeal; and that it follows that he is entitled to have this considered an appeal from the original judgment, and to have a full transcript and record of the original trial presented to and considered by this court.

While the appellant stated in his application that he moved the court to vacate the judgment the expressed purpose was to have the court grant his application for the issuance of a writ of error *coram nobis* and he has appealed from the order denying that application. His right to appeal from the order denying his motion to vacate the judgment is expressly provided for in section 1237 of the Penal Code and that right arises from the provisions of that section. ▮ A motion to vacate a judgment in a criminal case is in this state in the nature of an application for a writ of error *coram nobis* and a proceeding of that nature is properly regarded "as a part of the proceedings in the case to which it refers" rather than as "a new adversary suit." (*In re Paiva,* 31 Cal.2d 503 [190 P.2d 604].) As was said in that case: " . . . a motion to vacate a judgment in a criminal case upon grounds which make such motion the equivalent of a proceeding in the nature of a writ of error coram nobis, must be regarded as a part of the proceedings in the criminal case." ▮ The time within which an appeal must be taken from an order denying such a motion is the 10 days prescribed by rule 31 of the Rules on Appeal. Rule 3(b) of those rules was clearly intended to be applicable only in civil cases and is not made applicable to criminal cases by rule 30 since express provision for a differ-

ent time for appeal in criminal cases is made in rule 31, and also because the application of rule 3(b) in criminal cases would be inappropriate if not impracticable. It follows that this appeal from the order entered on January 18, 1957, cannot be considered an appeal from the original judgment of conviction entered on November 21, 1956.

The order appealed from is affirmed.

Griffin, J., concurred.

A petition for a rehearing was denied November 26, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1957.