[Crim. No. 3432. First Dist., Div. Two. Jan. 28, 1958.]

THE PEOPLE, Respondent, v CLIFFORD C. SHARP, Appellant.

Clifford C. Sharp, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

KAUFMAN, P. J.—This is an appeal from an order denying defendant's petition for a writ of error *coram nobis*. The petition was made and the appeal briefed in propria persona. The defendant was accused of armed robbery by an information dated April 27, 1954. On May 3, 1954, defendant was arraigned and counsel appointed at his request. The defendant, with his counsel present, entered a plea of guilty to the charges of the information on May 18, 1954. On June 1, 1954, defendant's motion for probation was denied and he was sentenced to the state prison. Defendant's petition, verified but not accompanied by any affidavit, alleges in substance that his constitutional rights were violated due to the fact that: (1) the arrest was made without probable cause and the arresting officer conducted an illegal search of defendant's vehicle and the gun so found was admitted in evidence; (2) he was denied counsel; (3) his plea of guilty was obtained by the misrepresentations of "responsible court attaches" that if he pled guilty to the charges he would be "adjudged a youthful offender."

In this state *coram nobis* is a limited remedy of narrow scope which is available (where no other remedy exists) to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Adamson*, 34 Cal.2d 320 [210 P.2d 13].) The writ lies to correct only errors of fact as distinguished from errors of law. (*People* v. *Tucker*, 154 Cal.App.2d 359 [316 P.2d 417].)

The defendant has failed to establish that he has exercised the requisite due diligence in filing for this writ. The petition for the writ was filed on July 10, 1957, more than three years after his conviction. A person convicted of a felony who fails to move for a new trial or to appeal is not entitled to a writ of error *coram nobis*. (*People* v. *Gennaitte*, 127 Cal.App.2d 544 [274 P.2d 169].) There is no showing that the facts upon which he now relies were not known to him at the time of trial or that they could not, with due diligence, have been discovered in the three years prior to the filing of the petition. (*People* v. *Smith*, 150 Cal.App.2d 663 [310 P.2d 480].) "The writ of error *coram nobis* never issues to correct an error of law, nor to redress any irregularity occurring at the trial that could be corrected on motion for new trial or by appeal." (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375]; *People* v. *Cole*, 152 Cal.App.2d 71 [312

P.2d 701].) The trial court here correctly held that the alleged grounds for the motion could have been alleged in a motion for a new trial or in a brief on appeal.

Because of the nature of this appeal, the record does not contain a factual account of the circumstances of the arrest and crime. ██ Defendant's first allegation as to the admission of illegally obtained evidence relates to an error of law for which the writ will not lie. (*People* v. *Cahan,* 135 Cal. App.2d 287 [287 P.2d 6].) ██ Furthermore, a plea of guilty admits all of the elements of the crime charged and further evidence is not required. (*People* v. *Cabral,* 128 Cal. App.2d 693 [275 P.2d 927].)

Defendant's argument that he was denied representation by counsel on April 12, 1954, is not supported by the record which shows that he made his first appearance in court on May 3, 1954, at which time counsel was appointed for him at his request and counsel was present at all subsequent appearances of the defendant. ██ The petition also alleges that his counsel did no more than ask the defendant if he were guilty or innocent. This allegation is unsupported by any evidence other than the bare accusation of the defendant. (*People* v. *Reeg,* 153 Cal.App.2d 97 [314 P.2d 52].) ██ Furthermore, even if the allegations were substantiated, the lack of counsel or effective aid of counsel are not properly raised by a petition for a writ of error *coram nobis.* (*People* v. *Tucker, supra; People* v. *Cardwell,* 153 Cal.App.2d 377 [314 P.2d 484] ; *People* v. *Keller,* 151 Cal.App.2d 201 [311 P.2d 14] ; *People* v. *Adamson, supra.*)

██ Defendant's third allegation, that his plea of guilty was fraudulently obtained, is supported only by his petition which on its face is not enough to justify granting of the writ. The petition in this regard states: ''Your petitioner contends that his plea of guilty was obtained by misrepresentation of facts, i. e., that responsible court attaches misinformed him about their authority to have him adjudged a youthful offender if he were to withdraw his not guilty plea.

''What they didn't advise him about was that their promises were not legally binding upon the sentencing court nor did they instruct him on the dire consequences which could follow a plea of guilty to robbery, first degree.''

██ If ''the state or a responsible officer thereof, such as a judge of competent authority or a district attorney, has entered into a bargain purporting to commit the state to give the defendant a reward, in the form of . . . a lesser

punishment'' in exchange for a plea of guilty, the defendant may secure relief. (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657] ; see also *People* v. *Campos,* 3 Cal.2d 15 [43 P.2d 274] ; *People* v. *Butterfield,* 37 Cal.App.2d 140 [99 P.2d 310].)

However, the allegations of the petition here fall far short of stating such a case. The allegation of mere conclusions of law is insufficient to require issuance of the writ here sought. (*People* v. *Thomas,* 121 Cal.App.2d 754 [264 P.2d 100] ; *People* v. *Smith,* 108 Cal.App.2d 696 [239 P.2d 466].)

 ''It is essential that the petitioner state in his motion both the probative facts on which his claims rest, and the time and circumstances under which such facts were discovered'' (*People* v. *Gennaitte, supra,* 127 Cal.App.2d 544, 548.) The petition here does not meet these requirements.

 It is, of course, possible that petitioner can truthfully allege facts to remedy these deficiencies. Our decision upon this feature of appellant's petition is based wholly upon the insufficiency of the allegations to warrant the relief sought.

 Denial of the writ of error *coram nobis* is not res judicata, but leaves to the sound discretion of the court the question whether renewal of the application, upon the same ground but upon an adequate statement of facts, will be permitted. (*People* v. *Brahm,* 103 Cal.App. 247 [284 P. 256] ; *People* v. *Vernon,* 9 Cal.App.2d 138 [49 P.2d 326].) If appellant is so advised, he may file another petition in the trial court, setting out in detail his claim of misrepresentation by a responsible state officer. If its allegations are sufficient, the trial court will consider the merits of the petition.

Judgment affirmed.

Draper, J., concurred.

DOOLING, J.—I concur. The petitioner has alleged enough, though inartificially, to suggest that if he alleges the official position of the ''responsible court attaches'' and specifically sets out the representations made to him he may well bring himself within the rule of *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657], and similar cases. If he does, he should be given an opportunity to prove his allegations. The courts should be as liberal in allowing a second opportunity to state a cause for relief when human liberty is involved as they are in civil actions. (Code Civ. Proc., § 472c; *Wenner-*

*holm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].)

On the question of laches, it should be added that the petition alleges that at the time of his apprehension on the charge to which he pleaded guilty in 1954, petitioner was eighteen years of age and handicapped by semi-illiteracy. If these allegations are not sufficient in themselves to explain the delay in filing this petition, it would certainly take little added to these facts to meet the charge of laches.