[Crim. No. 3821.　First Dist., Div. Two.　Oct. 17, 1960.]

THE PEOPLE, Respondent, v. GEORGE EVANS, Appellant.

---

George Evans, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Edward P. O'Brien, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—Appellant, in propria persona, appeals from an order denying his motion to withdraw a former plea of guilty. He argues that his motion should have been granted

because: (1) His plea was induced by fraud and coercion; (2) certain evidence was improperly introduced at the preliminary hearing; (3) the prior conviction charged in the information is not true. There is no merit in any of these contentions.

The record reveals that the appellant was charged by information with a violation of section 11500 of the Health and Safety Code and with a prior conviction for a misdemeanor, violation of section 11500 of the Health and Safety Code. On November 19, 1958, appellant pleaded guilty to the charges of the information. On December 15, 1958, he was sentenced to the state prison for the term prescribed by law. No appeal was taken from the judgment. In April, 1960, defendant filed his motion in the superior court to withdraw his former plea of guilty. This appeal is from the order denying this motion.

■ Appellant's motion is in the nature of and subject to the rulings governing an application for a writ of error *coram nobis*. (*People* v. *Adams,* 100 Cal.App.2d 841 [224 P.2d 873] ; *People* v. *Schwarz,* 201 Cal. 309 [267 P. 71].) ■ The purpose of the writ is to secure relief where no other remedy exists from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].) ■ The applicant for a writ must show that the facts on which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for a writ. (*People* v. *Adamson, supra.*) All of the grounds upon which the appellant here relies for relief are matters which were known to him at the time of the trial. Thus, his failure to show diligence alone in seeking the relief requested warranted and required that the trial court deny the motion. ■ Mere allegations of ultimate facts or conclusions are not sufficient. (*People* v. *Reeg,* 153 Cal.App.2d 97 [314 P.2d 52].) ■ In the absence of affidavits or other evidence, the trial court was not required to accept as true the allegations of defendant's petition, even though the petition is verified and uncontradicted. (*People* v. *Muhlenbroich,* 137 Cal.App.2d 745 [291 P.2d 45].) [■ The granting of a writ of error *coram nobis* is completely discretionary and no showing has been made in the instant case of an abuse of discretion. We could affirm the order appealed from on this ground alone, but deem it our duty, particularly

since this appeal is in propria persona, to briefly dispose of every contention raised.

Appellant argues that through the false representation of his counsel that he would not be sentenced to a term in the state prison, he was induced to enter a plea of guilty. █ However, the mere advice and persuasion by defendant's own attorney will not suffice to vitiate the plea. (*People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657].) █ A defendant in pleading guilty under the advice of his own attorney admits every element of the offense charged and this constitutes a conclusive admission of guilt. (*People* v. *Cooper,* 123 Cal.App. 2d 353 [266 P.2d 566].) [██ Where a defendant relies upon some representation or promise relating to the consequences of a change of plea such as probation or a light sentence, he cannot prevail unless it appears that the district attorney or other prosecuting official was a party to it. (*People* v. *Grgurevich,* 153 Cal.App.2d 806 [315 P.2d 391].)

█ Appellant next argues that the prior conviction is not true and that, therefore, the sentence is not valid because of the additional time imposed by the nonexistent prior conviction. There is no merit in this argument as his admission is conclusive of the validity of such conviction (Pen. Code, § 1025; *People* v. *Cooper,* 123 Cal.App.2d 353 [266 P.2d 566]), and the prosecution has no additional burden of proof in this respect. (*People* v. *Tahtinen,* 50 Cal.2d 127 [323 P.2d 442].)

█ The final argument relates to the erroneous admission of certain evidence at the preliminary hearing. However, defendant has waived any objection by his failure to previously move to quash the information under section 995 of the Penal Code. (*In re Berry,* 43 Cal.2d 838 [279 P.2d 18].)

Order affirmed.

Draper, J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1960.