[Crim. No. 38926. Second Dist., Div. Three. Oct. 5, 1981.]

In re WESSLEY W. on Habeas Corpus.

242

COUNSEL

Burt Pines and Ira Reiner, City Attorneys, Jack L. Brown and Ray L. Hart, Deputy City Attorneys, for Appellant.

Harold Greenberg for Respondent.

OPINION

LUI, J.—

## BACKGROUND

Respondent Wessley W.[1] brought a habeas corpus proceeding in the Los Angeles Superior Court to challenge his conviction and sentence for violation of Penal Code section 647, subdivision (a),[2] and to request certain relief therein. Respondent was adjudged guilty on December 1, 1965, in the Municipal Court for the Los Angeles Judicial District. By

---

[1]Wessley W., who is the "respondent" in this appeal is sometimes referred to herein as "petitioner" with respect to the habeas corpus proceedings conducted below. For clarity, the terms should be considered interchangeable. We shall refer to the People of the State of California throughout this opinion as "appellant." It would serve no purpose to reveal the identity of the respondent who has from every indication lead a blameless life since 1965, when he was 18 years old and then a minor. Counsel for appellant and respondent stipulated at oral argument to delete respondent's surname.

[2]Hereinafter all references are to the Penal Code unless otherwise specified.

stipulation of the parties, the court trial was conducted on the basis of the arrest report and testimony of the police officer who observed the respondent masturbating in a pay toilet stall in a restroom at the Greyhound Bus Depot. On December 8, 1965, respondent was sentenced to 12 months summary probation and 20 days in the county jail which punishment was suspended on condition of the payment of a $75 fine or the serving of 5 days in the county jail. Respondent's conviction was subsequently affirmed on appeal by the Appellate Department of the Los Angeles Superior Court on March 21, 1966. On April 15, 1966, respondent registered under section 290. On June 17, 1966, the respondent's motion to terminate probation pursuant to section 1203.3 and for dismissal based on section 1203.4 was granted by the municipal judge who had decided his guilt of the charge.

## STATEMENT OF THE CASE

On May 12, 1980, respondent filed a petition for writ of habeas corpus seeking to compel the sealing of all arrest and court records relating to the aforementioned conviction. The superior court issued an order to show cause and a hearing on the order was conducted. Following oral argument, the superior court, treating the matter as a petition for writ of habeas corpus and a petition for writ of error *coram vobis*, vacated and set aside the 1965 municipal court judgment of conviction and ordered that a judgment of acquittal be entered. The superior court issued a writ of habeas corpus which included an order sealing respondent's records pursuant to section 851.8. This sealing order was vacated by the trial court on its own motion subsequent to the appellant's filing of a notice of appeal. The People appeal from the order granting the petition for writ of habeas corpus and the relief requested therein.

## FACTS

On June 2, 1965, Officer Charles R. Humphry, of the Los Angeles Police Department, Hollywood vice division, entered the men's restroom of the Greyhound Bus Depot on Vine Street. He had received information that males were engaging in lewd conduct in the restroom. The room contained three commodes along the northern wall; each was separated by a metal partition and enclosed by a coin operated metal door. A 10- by 16-inch window was at the top and bottom of each door. Humphry was first attracted to the respondent when the respondent,

seated in the middle commode, looked out the lower commode window in Humphry's direction. Humphry testified that respondent looked out the lower window twice and once out the crack between the door and the door jamb in Humphry's direction. After observing this conduct, Humphry leaned at approximately a 30-degree angle and looked through the lower window of the commode door. He saw respondent for 5 to 10 seconds masturbating his exposed and erect penis with his right hand. Other persons were in the restroom at the time so Humphry did not immediately identify himself. Respondent was arrested after leaving the restroom. Respondent did not testify at the trial but the arrest report, admitted into evidence by stipulation, reflected the following statement by the respondent following his arrest and advisement of rights: "I just stopped in the restroom on my way to church. I didn't mean to stay so long. I am not really a homosexual and I have never done this before. The only reason I was masturbating tonight is because I was still excited after seeing a movie down at the Vista Theater on Sunset. I live at home with my parents and I am a student at Pasadena City College. I have never been arrested before."

Of significance and not mentioned in either of the parties' briefs was the fact that the court had viewed the restroom in the presence of counsel and had considered such view in making its decision as to the respondent's guilt.[3] At the conclusion of the officer's testimony, respondent was adjudged guilty by the court.

### APPELLANT'S CONTENTIONS

Appellant on appeal contends that:

1. The superior court erred in granting habeas corpus in that respondent was not in actual or constructive custody.

2. There is a material dispute as to the facts relating to the respondent's conviction.

3. The trial court improperly granted respondent's motion to seal his arrest and conviction records pursuant to section 851.8.

---

[3] A stipulation was entered into in the municipal court prior to the trial regarding the court's view of the premises and that any observations made by the court at the view may be considered in evidence.

## DISCUSSION

Section 1473, subdivision (a), provides that: "Every person unlawfully *imprisoned or restrained* of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." (Italics added.)

Although the normal function of the writ of habeas corpus as stated in section 1473 is to provide for those persons physically imprisoned, the decisional law of recent years has expanded the writ's application to persons who are determined to be in constructive custody. Today, the writ is available to one on parole (*In re Jones* (1962) 57 Cal.2d 860 [22 Cal.Rptr. 478, 372 P.2d 310]), probation (*In re Osslo* (1958) 51 Cal.2d 371 [334 P.2d 1]), bail (*In re Petersen* (1958) 51 Cal.2d 177 [331 P.2d 24]), or a sentenced prisoner released on his own recognizance pending hearing on the merits of his petition (*In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]). The thrust of these cases is that a person is in custody constructively if he may later lose his liberty and be eventually incarcerated.

In the instant case, respondent is not in actual custody and he cannot be placed into custody since his probation was terminated some 15 years ago. The petition for writ of habeas corpus filed in the court below contains the respondent's claim of constructive custody which is that his "name is still listed with the various law enforcement agencies, and said listing has caused Petitioner great harm in that upon filling out various professional applications Petitioner has been ridiculed because of his arrest and conviction." The appellant in its return alleged that in June 1966, the petitioner had been granted termination of his probation and dismissal pursuant to sections 1203.3 and 1203.4 and denied that respondent was in actual or constructive custody. Respondent did not file an answer or traverse to the return. There was no stipulation that the petition be treated as a traverse.

The return to a writ of habeas corpus is the pleading which sets forth the facts regarding legality of the detention. It is the equivalent of a complaint in a civil pleading. "The factual allegations of the return will be deemed true unless the petitioner in his traverse denies the truth of the ... [allegations in the return] and either realleges the facts set out in [the] petition ... [in the traverse, or by stipulation or acquiescence the petition is deemed a traverse]. [Citation.] The issues are thus joined and if there are no disputed material factual allegations, the court may

dispose of the petition without the necessity of an evidentiary hearing." (*In re Lawler* (1979) 23 Cal.3d 190, 194 [150 Cal.Rptr. 833, 588 P.2d 1257].)

The presumption is in favor of the correctness of the return; and the burden of proof rests on the petitioner to show the illegality of the restraint by a preponderance of the evidence. Even if the petition for habeas corpus were deemed a traverse, the burden of proof would have remained with respondent to show that he was in constructive custody.[4] (See generally Witkin, Cal. Criminal Procedure (1963) Habeas Corpus and Other Extraordinary Writs, § 825, p. 790; 36 Cal.Jur.3d, Habeas Corpus, § 42, pp. 72, 74.) The petitioner must present an adequate record of any proceedings whose validity he seeks to attack.

In the instant case, the record is completely devoid of any facts to support the trial court's finding of constructive custody. Although it appears from exhibit 2 of appellant's return to the petition for habeas corpus that the respondent's conviction is listed as of June 4, 1980, in the respondent's "rap sheet," such listing in and of itself does not constitute constructive custody.

Finally, we do not read our Supreme Court's recent decision in *Pryor v. Municipal Court* (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636], as expanding the relief by way of habeas corpus to situations where the party seeking relief is not in constructive custody.[5] Respondent failed to sustain his burden of proving constructive custody and it was error for the trial court to find that he had.

---

[4]Appellant argued at the order to show cause hearing that because the respondent did not file a traverse, all allegations in the return are deemed admitted. No evidence was presented by the respondent that his name appears on any police, FBI, or CII records. The court below found that the respondent "is in constructive custody by virtue of the existing arrest record and court record, even though the court is aware that the defendant no longer must be registered under Penal Code Section 290. Even though the court is aware that the Municipal Court judge gave relief to the defendant at the expiration of the probationary term under Penal Code Section 1203.3 and 4."

[5]In *Pryor v. Municipal Court, supra,* 25 Cal.3d 238, 244, our Supreme Court stated that "we construe that section to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct. As so construed, section 647, subdivision (a), complies with constitutional standards; we therefore deny defendant's petition for writ of prohibition." The court indicated its purpose was to establish a specific constitutionally definite test of what conduct would violate this section and not to

██ ██ Appellant further contends that the superior court erroneously construed respondent's application for relief as a petition for writ of error *coram vobis*. A "'writ of *coram vobis* is essentially identical to the writ of *coram nobis* except that the latter is addressed to the court in which the [respondent] was convicted. [Citation.] These writs will be granted only if [respondent] can "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the judgment." [Citations.]'" (*People* v. *Welch* (1964) 61 Cal.2d 786, 790 [40 Cal.Rptr. 238, 394 P.2d 926].) Procedurally, when a conviction has been affirmed on appeal, *coram vobis* is directed to the appellate court which affirmed the judgment on appeal (*People* v. *Allenthorp* (1966) 64 Cal.2d 679, 681 [51 Cal.Rptr. 244, 414 P.2d 372]; Pen. Code, § 1265[6]) which in the instant case is the appellate department of the superior court. We agree with appellant's contention that the appellate department of the superior court and not the superior court was the proper court to consider the appellant's writ of *coram vobis*.

██ Further, as stated in *People* v. *Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993], "[t]he writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] . . . (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the

---

deter improper police action. The court further stated: "'Given this critical purpose, neither judicial reliance on previous appellate endorsements of [the prior statutory construction] nor any effects on the administration of justice require us to deny the benefits of this rule to cases now pending on appeal.' (*People* v. *Gainer* (1977) 19 Cal.3d 835, 853 [139 Cal.Rptr. 861, 566 P.2d 997].) A defendant whose conviction is now final, however, will be entitled to relief by writ of habeas corpus only if there is no material dispute as to the facts relating to his conviction and if it appears that the statute as construed in this opinion did not prohibit his conduct. (*People* v. *Mutch* (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633] and cases there cited.)" (*Id.*, at p. 258.)

[6]Penal Code section 1265 in pertinent part reads as follows: "[I]f a judgment has been affirmed on appeal no motion shall be made or proceeding in the nature of a petition for a writ of error coram nobis shall be brought to procure the vacation of said judgment, except in the court which affirmed the judgment on appeal."

exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ . . . .' [Citations.]" (Italics in original.)

 Respondent did not satisfy the requirements set forth in *Shipman* and was not entitled to *coram vobis* relief. No new facts or newly discovered evidence was presented to the superior court. The hearing on the respondent's application for relief was based entirely on the transcript of the municipal court trial and the arguments of counsel. A change in the law such as the redefinition of section 647, subdivision (a), of the Penal Code by our Supreme Court in *Pryor, supra*, does not constitute a change of facts. Having failed to establish the existence of newly discovered evidence or facts, it was error for the trial court to grant the respondent relief on the basis of *coram vobis*.

Since we have concluded that the respondent is not entitled to relief by way of habeas corpus or *coram vobis*, we need not reach the merits of the sealing order which, in any event, the superior court has vacated.

For the reasons stated above, the order granting the writ of habeas corpus is reversed.

Potter, Acting P. J., and Cobey, J., concurred.

A petition for a rehearing was denied October 30, 1981, and respondent's petition for a hearing by the Supreme Court was denied December 9, 1981.