IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

TIMMY HERNDON, PRO SE v. GLEN TURNER, WARDEN, PAUL
SUMMERS, STATE ATTORNEY GENERAL, AND ELIZABETH RICE

Direct Appeal from the Circuit Court for Hardeman County
No. 9594    Jon K. Blackwood, Judge

No. W2003-00839-CCA-R3-CO - Filed December 31, 2003

The Petitioner, Timmy Herndon, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ. joined.

Timmy Herndon, pro se.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On September 16, 1999, Petitioner was found guilty by a Shelby County jury of aggravated robbery. *See State v. Timmy Herndon*, No. W2000-01228-CCA-MR3-CD, 2001 WL846033, *1 (Tenn. Crim. App. at Jackson, Jul. 20, 2001). For this conviction, Petitioner was sentenced to a term of fifteen years as a range II, multiple offender. *Id.* His conviction and sentence were affirmed by this Court on July 20, 2001. *Id.* On March 25, 2003, Petitioner filed an application for writ of habeas corpus relief, alleging that the Criminal Court of Shelby County was without jurisdiction to enter a judgment against him because the General Sessions Court of Shelby County had previously

dismissed charges based upon the same conduct of the Petitioner.  As a result, Petitioner contends that his subsequent indictment and conviction based on the same conduct violates principles of double jeopardy.  On March 27, 2003, the trial court summarily dismissed the application.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence.  *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969).  Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).  Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment.  *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Initially, we note that Petitioner asserts that, since August 6, 2003, he has been released from custody.  The State responds that the Petitioner's release from custody renders an appeal concerning the legality of his incarceration moot.  *See  McIntyre v. Traughber,* 884 S.W.2d 134, 137 (Tenn. App. 1994).   Petitioner's application for writ of habeas corpus was filed prior to his release from confinement.  *See Carafas,* 391 U.S. at 239, 88 S. Ct. at 1560.  Moreover, Petitioner was released on parole.  His sentence does not expire until June 19, 2011.  While the normal function of the writ is to provide for those persons physically imprisoned, the application of the writ has been expanded to persons who are determined to be in constructive custody.  In other words, the writ is available to persons who may later lose their liberty and be eventually incarcerated.  *See In re Wessley W.*, 181 Cal. Rptr. 401, 403, 125 Cal. App.3d 240 (Cal. Ct. App. 1981).  A parolee is deemed in constructive custody until the expiration of the parole period.  *See, e.g.*, *People v. Britton,* 156 Cal. App.3d 689, 695, 202 Cal. Rptr. 882 (Cal. Ct. App. 1984).  Thus, the Petitioner's application was not rendered "moot" upon his release on parole in August 2003.

Notwithstanding the inapplicability of the "mootness" rule, the remedy of a habeas writ is limited to cases where the judgment is void or the term of imprisonment has expired.  The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence or that his sentence had expired.  Rather, Petitioner has alleged that his conviction is violative of the principles against double jeopardy.  Petitioner assertion is based upon the General Sessions Court's "discharge[] [of the] Petitioner at [the] [pre]liminary hearing proceedings on March 19, 1998 . . . ."  The General Sessions judge did no more than conduct a preliminary hearing.  A General Sessions judge has no authority to convict and sentence on a felony.  *See Dunbar v. State*, 4 Tenn. Crim. App. 310, 312,  470 S.W.2d 846, 847

-2-

(1971); *see also Lewis v. Metropolitan Gen. Sessions Ct.,* 949 S.W.2d 696, 701 (Tenn. Crim. App. 1996).  A defendant is not placed in jeopardy by the first proceeding because a General Sessions court has "no authority to hear the felony charge except upon the preliminary examination to discharge him or bind him over to the circuit or criminal court." *Id.* Accordingly, Petitioner has not alleged a claim involving protections against double jeopardy.

Accordingly, it is ORDERED that the State's motion is GRANTED.  The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOE G. RILEY, JUDGE