FILED

APR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS AYALA SANCHEZ, | No. 08-17044 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00824-ALA-GGH |
| v. | |
| LARRY SCRIBNER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Arthur L. Alarcon, Senior Circuit Judge, Presiding

Argued and Submitted April 12, 2011
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior
District Judge.[**]

Petitioner Juan Carlos Ayala-Sanchez (Sanchez) challenges the district

court's dismissal of his federal habeas petition for failure to exhaust state remedies.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lesley Wells, Senior U.S. District Judge for the
Northern District of Ohio, sitting by designation.

Citing *In re Wessley W.*, 181 Cal. Rptr. 401 (1981), *as modified*, *In re Swain*, 34 Cal.2d 300 (1949), and *People v. Duvall*, 9 Cal.4th 464 (1995), the California Supreme Court denied Sanchez's state habeas petition as procedurally deficient. After independently reviewing Sanchez's state petition, we conclude that the petition was procedurally deficient under California law, as Sanchez failed to allege his claims with the requisite particularity, failed to attach reasonably available documents, and failed to adequately allege that he was in custody. *See In re Swain*, 34 Cal.2d at 304; *Duvall*, 9 Cal.4th at 474; *In re Wessley W.*, 181 Cal. Rptr. at 403-04.

Because Sanchez's state habeas petition was procedurally deficient, the district court properly dismissed Sanchez's federal habeas petition for failure to exhaust state remedies. *See Harris v. Superior Ct.*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient . . . then the available state remedies have not been exhausted . . .") (citations omitted); *see also Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006) ("In light of its citations to *Swain* and *Duvall*, we read the California Supreme Court's denial of [the petitioner's] . . .

habeas application as, in effect, the grant of a demurrer, i.e., a holding that [the petitioner] had not pled facts with sufficient particularity.").[1]

Dismissal of Sanchez's petition is not precluded by *Coleman v. Thompson*, 501 U.S. 722 (1991). *Coleman* applies to procedural default rather than procedural deficiency. *See id.* at 731-32.

**AFFIRMED.**

---

[1] Sanchez concedes that his claim for ineffective assistance of counsel was properly dismissed.