Filed 6/27/16  P. v. Braun CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>BRUCE OLIVER BRAUN,<br><br>          Defendant and Appellant. | A146716<br><br>(Sonoma County<br>Super. Ct. No. SCR490129) |

Defendant Bruce Braun appeals an order denying his petition for writ of error *coram nobis*.  His counsel has filed a brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has filed a supplemental brief.

We are familiar with the facts underlying this appeal from our review of *People v. Braun* (Feb. 11, 2010, A120746 [nonpub. opn.] (*Braun I*)).  There, defendant appealed two judgments, one entered after a jury found him guilty of three counts of lewd acts with a child, Jane Doe 1, and one entered after he pled no contest to one count of committing a lewd act with a child, Jane Doe 2.  As we explained in *Braun I*, the 2006 complaint alleging the crimes against Jane Doe 1 in case No. SCR-490129 (the Jane Doe 1 case) had originally included allegations of a number of offenses against Jane Doe 2 as well.  The counts as to Jane Doe 2 were later dismissed as time-barred.  Charges related to Jane Doe 2 were again filed against defendant in a separate case, case No. SCR-517653 (the Jane Doe 2 case), in August 2007.  Defendant demurred on the ground the charges were barred by the statute of limitations, and the trial court overruled the demurrer.

1

The trial in the Jane Doe 1 case took place in September 2007. At that trial, Jane Doe 2 testified pursuant to Evidence Code section 1108 regarding sexual offenses defendant had committed against her. The jury found defendant guilty of three counts of committing lewd acts upon Jane Doe 1. (Pen. Code, § 288, subd. (a).) Defendant later pled no contest in the Jane Doe 2 case to one count of committing a lewd act on a child. (Pen. Code, § 288, subd. (a).)

In his appeal from the two judgments, defendant raised a number of contentions; among them, he argued that the trial court abused its discretion in admitting Jane Doe 2's testimony under Evidence Code section 1108 in the Jane Doe 1 case, that the trial court should have dismissed the Jane Doe 2 case for delay in bringing it to trial, and that the continuing pendency of the Jane Doe 2 case prejudiced his ability to defend himself in the Jane Doe 1 action. According to defendant, because the Jane Doe 2 case remained pending rather than being dismissed, he was forced to choose between failing to present a vigorous defense in the Jane Doe 1 case and revealing to the prosecution the defense strategy he intended to pursue in the Jane Doe 2 case. He also argued that the Jane Doe 2 case should have been dismissed for violation of his constitutional right to due process and a speedy trial. We rejected all of defendant's arguments and affirmed the judgments.

Defendant filed a petition for writ of error *coram nobis* and petition for writ of mandate in this court in August 2015, arguing that the Jane Doe 2 case should not have been reinstated after the charges relating to her were dismissed and Jane Doe 2's testimony should not have been admitted in the Jane Doe 1 case. (*In re Braun* (Aug. 13, 2015, A145848) [pet. denied].)[1] We denied the petition.

In October 2015, defendant, in propria persona, brought a petition for writ of error *coram nobis* in the trial court in the Jane Doe 1 case, on the grounds that the trial court erred in (1) allowing Jane Doe 2 to testify in the Jane Doe 1 case and (2) allowing the Jane Doe 2 case to proceed after the allegations relating to Jane Doe 2 were dismissed from the original complaint. The trial court denied the petition on the ground that the

_____

[1] We take judicial notice of the petition filed in *In re Braun*.

challenge to Jane Doe 2's testimony had been raised and rejected on appeal. Defendant both appealed from this order and filed a motion for rehearing, reiterating his argument that the trial court had improperly allowed the "dismissed, time barred charges" relating to Jane Doe 2 to be revived.

After his counsel filed a brief raising no issues, defendant filed a supplemental brief. In summary, he argues that in denying his petition for writ of error *coram nobis*, the trial court failed to consider whether the charges relating to Jane Doe 2 were barred because they had previously been dismissed; that unless the District Attorney had filed a timely appeal of the dismissal, the charges were barred; and that the trial court erred in allowing Jane Doe 2 to testify against him in the Jane Doe 1 case.

We have reviewed the record and defendant's written contentions and have not found any arguable issue. We first note that the petition was brought in the wrong court: After a court of appeal affirms a judgment, a petition for writ of error *coram nobis* may only be brought in the appellate court, not in the trial court. (Pen. Code, § 1265, subd. (a).) Even assuming the petition was properly brought in the trial court rather than the appellate court, it is meritless. A writ of error *coram nobis* requires the petitioner to show that (1) some fact existed which, without fault or negligence on the petitioner's part, was not presented at the trial, (2) the fact does not go to merits of issues tried, and (3) the fact was not known to petitioner and could not have been discovered previously in the exercise of due diligence. (*In re Wessley W.* (1981) 125 Cal.App.3d 240, 248–249.) Defendant was aware at the time of both trials that the Jane Doe 2 allegations had previously been dismissed, and hence he does not meet the standards for *coram nobis*. Moreover, the issues defendant has identified either were or could have been raised in his earlier appeal. A petition for writ of error *coram nobis* "cannot be used to serve the purpose of an appeal or other statutory remedy [citations], unless there has been extrinsic fraud that deprived the petitioner of a trial on the merits [citation]." (*People v. O'Neal* (1962) 204 Cal.App.2d 707, 709.) In any case, defendant's contention that charges that have been dismissed may not be revived fails on the merits. (Pen. Code, § 1387 [barring

3

prosecution of felonies that have been *twice* dismissed]; *People v. Superior Court*
(*Martinez*) (1993) 19 Cal.App.4th 738, 745.)

## DISPOSITION

The order denying defendant's petition for a writ of error *coram nobis* is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Streeter, J.