Filed 12/22/15  P. v. Mora CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW MORA,<br><br>    Defendant and Appellant. | F070178<br><br>(Super. Ct. No. 14CM7218B)<br><br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Jennifer Lee Giuliani, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

On May 12, 2014, defendant and appellant Andrew Mora was charged with eight felony counts; it also was alleged that he had suffered a prior serious felony conviction. On July 31, 2014, defendant entered into a negotiated disposition and pled no contest to one count of violating Health and Safety Code[1] section 11378, possession of a controlled substance for sale, and admitted the prior conviction. Defendant filed a notice of appeal and requested a certificate of probable cause, which was denied. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## PROCEDURAL HISTORY

A complaint filed May 12, 2014, in Kings County Superior Court charged defendant and codefendant, Melissa Branne Estrada[2], with eight felonies: (1) transportation of heroin, a violation of section 11352, subdivision (a); (2) possession for sale of heroin, a violation of section 11351; (3) transportation of methamphetamine, a violation of section 11379, subdivision (a); (4) possession of methamphetamine for sale, a violation of section 11378; (5) transportation of marijuana, a violation of section 11360, subdivision (a); (6) possession for sale of marijuana, a violation of section 11359; (7) bringing a controlled substance into a substance abuse treatment facility, a violation of Penal Code section 4573; and (8) furnishing a controlled substance to a person in a substance abuse treatment facility, a violation of Penal Code section 4573.9. It also was alleged that defendant had suffered a prior serious or violent felony conviction.

Defendant was arraigned on May 15, 2014, and counsel was appointed to represent him. Defendant entered a plea of not guilty as to all counts.

---

[1]    References to code sections are to the Health and Safety Code unless otherwise specified.

[2]    Estrada is not before us on this appeal.

On July 31, 2014, at the pretrial hearing, defendant was present with counsel. Defense counsel reported that the People had offered a negotiated disposition to defendant. In exchange for pleading to the count 4 offense and admitting the prior strike, the People would agree to imposition of the low term, doubled for the strike prior, and dismissal of all other counts. Estrada was pleading to the same count, with the proviso that it would be an "open sentence" with a maximum penalty of three years, to be served in the county jail. Although Estrada was not ineligible for probation, the trial court advised the sentence "is completely within the discretion of the sentencing judge." The trial court also clarified on the record that no one had advised either defendant or Estrada that they would receive any particular sentence, other than what was discussed in court.

The trial court proceeded to inform defendant that pleading to the count 4 offense would require registration as a narcotic offender, pursuant to section 11590, and that failure to register would constitute a crime. The trial court also advised defendant of the immigration consequences of a plea and that various fines and fees would be imposed.

Thereafter, the trial court proceeded to question defendant and asked whether he had given all the facts of the case to his attorney; had sufficient time to discuss the case with his attorney; understood the nature of the charges and possible defenses; and was satisfied with the services and advice of his attorney. As to each of these questions, defendant responded "Yes."

The trial court proceeded to inform defendant of each of his statutory and constitutional rights and inquired whether defendant understood those rights; he responded affirmatively. The trial court then asked defendant if he was waiving each of those rights and again he responded affirmatively. The trial court also stated that as part of the plea agreement, defendant was giving up his right to appeal. Defendant was asked if he understood he was giving up that right, to which he responded affirmatively. Defendant also affirmatively waived the right to appeal from the judgment or sentence.

3.

The parties stipulated to a factual basis for the plea. Defense counsel stated that he had had sufficient time to discuss the case with defendant; advised defendant of the nature of the charges, possible defenses, and consequences of the plea; and that defendant "understands these matters."

At this point, the trial court asked defendant if he had any questions for the court about the charges, the rights he was waiving, the consequences of his plea, or "about what we are doing here today." Defendant responded, "No, ma'am." The trial court replied that it wanted to be sure defendant understood the proceedings and had no questions. The trial court asked again if defendant had any questions; he shook his head indicating no.

The trial court accepted defendant's plea to the count 4 offense and his admission to the strike prior. The trial court found that defendant made a knowing and voluntary waiver of his statutory and constitutional rights; and the plea was "freely and voluntarily made with an understanding of the nature of the charges and the consequences of the plea."

Defendant agreed to proceed immediately with sentencing. The trial court denied probation and imposed the low term for the count 4 offense, doubled because of the strike prior, for a total aggregate term of 32 months. Various fines and fees were imposed. The trial court ordered that the sentence be served consecutive to the sentence defendant was currently serving for a conviction arising out of Santa Cruz County Superior Court. Defendant was ordered to register as a narcotics offender.

On September 16, 2014, defendant filed a notice of appeal and requested a certificate of probable cause. In his request for a certificate of probable cause, defendant alleged that his attorney urged him to accept a plea bargain; he found out subsequent to his plea that there "was a lack of evidence" (capitalization omitted) against him; he accepted the plea in order to assure his codefendant received probation, but she was incarcerated. Defendant opined that this constituted "ineffective assistance"

4.

(capitalization omitted) from counsel. The request for a certificate of probable cause was denied on September 25, 2014.

## DISCUSSION

Appellate counsel was appointed on October 21, 2014. Appellate counsel filed a *Wende* brief on December 5, 2014. That same day, this court issued its letter inviting defendant to submit a supplemental brief. No supplemental brief was filed.

As previously stated, in his request for a certificate of probable cause, defendant asserted that his attorney urged him to accept a plea bargain; he found out subsequent to his plea that there "was a lack of evidence" (capitalization omitted) against him; and he accepted the plea in order to assure his codefendant received probation, but she was incarcerated. Defendant opined that this constituted "ineffective assistance" (capitalization omitted) from counsel.

As for defendant's claim that his defense counsel urged him to accept the plea, advice and persuasion from defendant's own attorney does not vitiate a plea. (*People v. Evans* (1960) 185 Cal.App.2d 331, 334.)

As for defendant's other assertions in the request for a certificate of probable cause, the record does not support these assertions. Regarding the claim of a lack of evidence against him, defendant stipulated to a factual basis for the plea at the change of plea hearing; and affirmatively represented that he had had an adequate opportunity to discuss the charges against him, and possible defenses to those charges, with his defense attorney. Defense counsel also represented that he had discussed the charges and possible defenses with defendant. It is reasonable to assume that defendant would not plead no contest "unless he is satisfied that the People do have sufficient evidence at least to hold him for trial." (*People v. Warburton* (1970) 7 Cal.App.3d 815, 822.)

Defendant's contention that he entered into the plea agreement in order to assure that Estrada received probation also is unsupported by the record. It was made abundantly clear at the change of plea hearing that Estrada had no guarantee or

5.

commitment that she would receive a sentence of probation, it was an "open sentence"; the "sentence that [Estrada] will receive is completely within the discretion of the sentencing judge." Immediately after that, the trial court inquired whether anyone had told defendant, or Estrada, that any particular sentence, other than what was discussed, would be imposed. They both responded with "No."

The record also does not disclose any ineffective assistance of counsel. Any claim of ineffective assistance of counsel should be raised in a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

After an independent review of the record, we find no reasonably arguable factual or legal issue exists.

## DISPOSITION

The judgment is affirmed.